**NOT FOR PUBLICATION**

JUN 23 2016

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUN-EN ENTERPRISE, a Taiwan corporation; AGAPE INDUSTRY CO., LTD, a Taiwan corporation, | No. 14-56613 |
| Plaintiffs-counter-defendants, | D.C. No. 2:12-cv-02734-PSG-SS |
| and | |
| SHI RU YANG; SHIU-YING LU, | MEMORANDUM[*] |
| Third-party-defendants, | |
| and | |
| RUSSELL JAMES COLE, | |
| Appellant, | |
| v. | |
| PETER K. LIN; AGAPE INDUSTRIAL, INC., | |
| Defendants-counter-claimants - Appellees. | |

| | |
|---|---|
| JUN-EN ENTERPRISE, a Taiwan corporation; AGAPE INDUSTRY CO., LTD, a Taiwan corporation, | No. 14-56621 |
| | D.C. No. 2:12-cv-02734-PSG-SS |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiffs-counter-defendants,

and

SHI RU YANG; SHIU-YING LU,

Third-party-defendants,

and

HOW GUIN ROBERT FONG,

Appellant,

v.

PETER K. LIN; AGAPE INDUSTRIAL, INC.,

Defendants-counter-claimants - Appellees.

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted June 9, 2016
Pasadena, California

Before: GOULD and HURWITZ, Circuit Judges, and RESTANI,[**] Judge.

Russell James Cole ("Cole") and How Guin Robert Fong ("Fong") appeal

the district court's orders imposing sanctions and attorneys' fees pursuant to

[**] The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

2

Federal Rule of Civil Procedure 11 ("Rule 11").  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review for an abuse of discretion.  Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 409 (1990).

The district court properly held that Cole and Fong failed to conduct "an inquiry reasonable under the circumstances," Fed. R. Civ. P. 11(b), before filing pleadings asserting time-barred claims for breach of an oral contract and tortious interference with prospective economic advantage.  See Cal. Civ. Proc. Code § 339(1) (two-year statute of limitations).  Cole and Fong, however, made nonfrivolous arguments that a breach of fiduciary duty claim may have reasonably been timely.  See id. §§ 338 (three-year statute of limitations), 343 (four-year statute of limitations).  Accordingly, we affirm the district court's grant of Rule 11 sanctions for the breach of contract and tortious interference claims, but vacate with respect to the breach of fiduciary duty claim.  We remand to the district court to reconsider the amount of sanctions and to recalculate the attorneys' fees award, as appropriate.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**